ADELBERT W. MASON v. FLORIDA BANK AT WINTER PARK

165 So. 269
Division A.
Opinion Filed January 14, 1936.

*H. F. Mohr,* for Appellant;

*Crawford & Gaskin,* and *S. G. Gaskin,* for Appellee.

PER CURIAM.—This appeal was predicated upon an order of the lower court striking certain parts of the appellant's answer. The original action was instituted by the appellee to foreclose its mortgage on certain described lands in Orange County, Florida. The appellant admitted the allegations contained in the inducement of the bill of complaint, viz.: The making and the execution of the note and mortgage upon which this action is based. The answer alleges that five thousand dollars ($5000) is all that is due and owing on the note aforementioned, which was for the

amount of ten thousand dollars ($10,000), because of nego-
tiations with the assignee bank whereby it accepted a deed
to a certain piece of property, other than that under fore-
closure, to hold in trust for various purposes, among which
was that it would sell the said property and pay original
mortgagee the said sum of five thousand dollars ($5,000) ;
that the original mortgagee was a director of the appellee
bank and controlled the same; that it was at his instance
and request that the payment be made in that manner,
which was agreeable to the appellant; and that thereafter
he, the original mortgagee, would not permit the appellee
to sell the property although he would have been paid his
five thousand dollars had the sale been allowed to be con-
summated.   He also states that the bank took the assign-
ment after the maturity of the note and therefore took with
notice of the agreement between the original mortgagee and
the appellant whereby five thousand dollars of the ten thou-
sand dollar note was to be paid in the manner afore-
mentioned.

This last part, or the affirmative allegations of the answer,
were stricken by order of the court on motion of the
appellee.

The lower court was correct in so ordering this matter
stricken.   Section 23 of the 1931 Chancery Act states:

"Exceptions to bills, answers, and other pleadings for
scandal, impertinence, or irrelevancy are abolished, but the
court may * * * strike out any redundant, impertinent, irrel-
evant, or scandalous and impertinent matter which is prej-
udicial to the opposing party, upon such terms as the court
shall think fit."

That portion of the answer stricken was based upon a
letter-agreement between the parties, marked Exhibit A,
and made a part thereof, which dealt principally with mat-

ters entirely foreign to the issues in the cause, and negatived most of the allegations as to the effect of such agreement. The whole agreement was founded upon two contingencies, viz.: that Mason would pay various items within one year from the date of the agreement, and that in the absence of his compliance with that portion the bank "*shall be at liberty* to make sale of the premises." The answer did not allege that Mason had made the payments, or that the bank has sold the property.

This letter-agreement, as we understand it, had to do almost entirely, with matters wholly independent of this cause, and the most that can be said of it, so far as this cause is concerned, is that at best it amounted to additional security. It and the allegations based thereon, certainly had no place in the appellant's answer as a defense to this foreclosure proceeding. The bank was under no obligation to sell the property; the agreement states plainly that if certain conditions arise that the bank *shall be at liberty* to make sale of the premises. There being nothing mandatory in this part of the agreement; the bank was merely privileged, if Mason failed to pay certain debts within one year, to sell the property and apply the proceeds to the payment of the various debts of Mason as stipulated in said letter-agreement. The appellant does not even attempt to allege his compliance with this agreement or the stipulations contained therein.

This court recognizes its former decisions, which in substance hold that "if the matter contained in an answer in an equity cause has any material bearing on the equities asserted in the bill, or if it can influence the decision of the case either as to the subject matter of the controversy, the relief to be sought, or the costs, it is not vulnerable to an exception for impertinence, "but the court is also

cognizant of the rule laid down in Section 23 of the 1931 Chancery Act, above quoted.

In the instant case the record sustains the lower court in his order, and the same is hereby

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.